Walter Sam **SHIPLEY** a/k/a Sammy Shipley, **Plaintiff-Appellant,**

v.

**COLUMBIA MUTUAL INSURANCE COMPANY, Defendant-Respondent.**

Paul E. **WARDEN, Plaintiff-Appellant,**

v.

**COLUMBIA MUTUAL INSURANCE COMPANY, Defendant-Respondent.**

Nos. 67517, 67032.

Supreme Court of Missouri, En Banc.

June 17, 1986.

Rehearing Denied July 30, 1986.

Lloyd E. Eaker, Clayton, for Warden.

Michael A. Turken, St. Charles, Cullen Cline, Columbia, for Shipley.

Jeffrey O. Parshall, Michael R. Baker, Columbia, for defendant-respondent.

Albert C. Lowes, Kathleen A. Wolz, Cape Girardeau, amicus curiae for Mo. Assn. of Mut. Ins. Cos.

HIGGINS, Chief Justice.

These appeals question applicability of the one-year statute of limitations contained in the former section 380.840, RSMo 1978, (repealed, Laws 1984, p. 665; effective January 1, 1985) to two policies of insurance issued by Columbia Mutual Insurance Company, a farmers' mutual insurance company. Underlying actions to enforce coverage for property loss caused by fire were dismissed on an application of section 380.480. Because appellants challenge the validity of section 380.840, this Court has jurisdiction. Mo. Const. art. V, § 3. Reversed and remanded.

On May 1, 1981, Paul Warden purchased insurance from Columbia Mutual on his dwelling, personal property and other buildings. On May 23, 1981, fire destroyed the insured premises; Columbia Mutual denied coverage. On October 31, 1984, Mr. Warden filed his action to enforce coverage.

On June 1, 1982, Sam Shipley purchased insurance from Columbia Mutual on his home and personal property. On August 20, 1982, fire destroyed the insured premises; Columbia Mutual denied coverage. On May 10, 1984, Mr. Shipley filed his action to enforce coverage.

In response to plaintiffs' actions, defendant pleaded the one-year limitation of section 380.840, on the ground neither petition was filed within one year of the date of the loss. Section 380.840 (repealed 1984) provides:

No suit or action for any loss shall be commenced until such loss becomes due in accordance with the policy, and in no event until sixty days have elapsed after proof of loss has been given the company. No such suit or action shall be sustainable in any court of law or equity unless all the requirements of the policy shall have been complied with, nor unless commenced within twelve months next after the loss. No defense set up or evidence offered by a company in any suit concerning a loss shall render such company liable for damages.

Appellants contend the trial court erred in its judgments of dismissal because: 1) the one-year statute of limitations contained in section 380.840 is void as a special law applying only to farmers' mutual insurance companies in violation of Mo. Const. art. III, § 40; 2) respondent was not organized under sections 380.481–380.570, RSMo 1969, and therefore could not elect to come under the provisions of section 380.840; 3) section 380.591(2), RSMo Cum. Supp.1984, retroactively lengthened the statute of limitations period for nonassessable premium basis policies; and 4) the insurance contracts were unconscionable because the one-year statute of limitations period was buried among the "fine print" policy provisions.

The question is whether the one-year statute of limitations contained in section 380.840 is available in defense of an action by a policy holder against a farmers' mutual insurance company when it insures against loss or damage caused by fire on a nonassessable premium basis.

■ Historically, farmers' mutual insurance companies have enjoyed a special status under the law. Such companies were

originally organized to conduct business in a limited geographical area upon an assessment plan. *Traders Mut. Fire Ins. Co. v. Leggett,* 284 S.W.2d 586 (Mo.1955). *See also* Laws 1891, p. 166 (recodified as § 380.500, RSMo 1978 (repealed, Laws 1984, p. 664; effective January 1, 1985)); § 5909, RSMo 1889 (recodified as § 380.- 490, RSMo 1978 (repealed, Laws 1984, p. 664; effective January 1, 1985)).

In 1953, the legislature adopted a comprehensive act relating to mutual insurance companies. Laws 1953, p. 252 (recodified as section 380.580–380.840, RSMo 1978). Under this Act, members of farmers' mutual insurance companies could incorporate for the purpose of mutually insuring its members. Laws 1953, p. 252, § 2 (recodified as § 380.590, RSMo 1978 (repealed, Laws 1984, p. 665; effective January 1, 1985)). Section 10 of the Act provided that each member of a farmers' mutual insurance company "shall be liable in accordance with the terms of his insurance contract or policy for his pro rata share of the amount necessary to pay all losses and expenses incurred during the time for which his respective policy is in force...." Laws 1953, p. 252, § 10 (recodified as § 380.720, RSMo 1978 (repealed Laws 1984, p. 665; effective January 1, 1985)). Section 9 of the 1953 Act provided:

A company operating under [sections 380.580 to 380.840] may at the time the application for insurance is made or thereafter, collect such fee, initial charge and/or advance assessment or premiums as the directors prescribe and shall collect sufficient assessments or premiums annually, or oftener, to enable it to pay losses and expenses, and, in accordance with the articles of incorporation or bylaws, to create and maintain a safety fund....

Laws 1953, p. 252, § 9 (recodified as § 380.710, RSMo 1959).

Thus a farmers' mutual insurance company operating under the 1953 Act was a company which issued assessable insurance policies to its members; and under the language of section 9, such a farmers' mutual

insurance company was also a company which could issue policies on a nonassessable premium basis as the directors prescribed.

In 1963, the legislature amended section 9 of the 1953 Act, Section 380.710, RSMo 1959, to provide:

(1) A company operating under section 380.580 to 380.840 may collect such fee and/or initial charge as the board of directors shall prescribe and shall collect a sufficient amount of money annually, or oftener to enable it to pay losses and expenses, and, in accordance with the articles of incorporation and bylaws, to create and maintain a safety fund. The amount required shall be collected by assessments, except that a company which is qualified to write "miscellaneous" insurance as set out in section 380.- 620 subdivision 4 may charge and receive premiums on such of its policies as the board of directors may prescribe. Members holding policies issued on the premium basis shall pay the stipulated premium at or before the time when the policy is issued and shall not be liable to assessment. Members holding policies not issued on the premium basis may be charged such advance assessment, payable at or before the time when the policy is issued, as the board of directors may prescribe, but such members shall be liable to further assessment, if any shall be required, in accordance with the provisions of sections 380.580 through 380.840.

*See* § 380.710(1), RSMo 1978 (repealed Laws 1984, p. 665; effective January 1, 1985).

Respondent contends that, under this section, once a company is qualified to write "miscellaneous" insurance as set out in section 380.620, RSMo 1978, (repealed Laws 1984, p. 665; effective January 1, 1985) then such company may issue nonassessable premium basis policies on any insurable risk as the board of directors may prescribe and still receive the benefits of section 380.840. Appellants counterargue that when a farmers' mutual insurance

company undertakes to write nonassessable premium basis policies, then it is limited to writing such policies for "miscellaneous" insurance alone if it is to receive the benefit of the one-year statute of limitations.

Because farmers' mutual insurance companies have enjoyed special status under the law, statutes regulating such companies historically have been more specialized than insurance companies operating under general insurance laws. *Traders Mut. Fire Ins. Co.*, 284 S.W.2d at 589. In apparent recognition of the possible broad effect of section 9 of the 1953 Act, the legislature amended section 380.710 to be more limiting. Prior to the amendment, farmers' mutual insurance companies could collect either premiums or assessments thereby permitting such companies to issue nonassessable premium basis policies without restriction. By its 1963 amendment the legislature narrowed the scope of section 380.710 to collection by assessment with limited exception.

Recognizing the need for a prompt determination and assessment of the losses of members of farmers' mutual insurance companies, the legislature established the one-year statute of limitations for the benefit of such companies operating under section 380.580–380.860. To hold that certain farmers' mutual insurance companies could issue nonassessable policies on any insurable risk, including those risks which would otherwise be covered by assessable policies, would be contrary to the precise rationale for which the shorter statute of limitations was enacted. Such a holding would also serve impermissibly to circumvent the longer statute of limitations applicable to a similar cause of action. The legislature has also authorized farmers' mutual insurance companies to issue certain premium basis policies for the convenience of its members. Such legislation is not intended to be unlimited authority for qualified companies to issue nonassessable policies insuring against risks that were intended to be covered on an assessment basis.

Respondent argues that once a company qualifies to write "miscellaneous" insurance then such company may receive premiums on any of its policies as the board of directors may prescribe. This would, in effect, convert traditional assessable policies to nonassessable policies. Respondent's position relies on the second sentence of the amended section 380.710; however, "[t]he cardinal rule of statutory construction is that the intention of the legislature in enacting [the amendment] must be ascertained ..., and the statute, as a whole, should be looked to in construing any part of it." *Whitehead v. Farmers' Fire and Lightning Mut. Ins. Co.*, 227 Mo.App. 891, 60 S.W.2d 65, 69 (1933).

Considering the philosophy of farmers' mutual insurance companies and the legislative history relating to such companies, when the exception language of section 380.710(1) is read in the context of the entire statute and chapter, it necessarily implies that section 380.710(1) envisioned nonassessable premium basis policies for "miscellaneous" insurance only. This Court holds, therefore, that qualified farmers' mutual insurance companies are limited to issuing nonassessable premium basis policies for "miscellaneous" insurance alone in order to benefit from the one-year statute of limitation.

■ The issue becomes whether the insurance purchased by plaintiffs is "miscellaneous" insurance as set out in section 380.620(4), thereby permitting respondent to plead section 380.840, the one-year statute of limitations.

Section 380.620 (repealed 1984) provides:

A company operating under this law may make any one or more of the following kinds of insurance subject to the provisions of this law:

(1) Fire: ...

(2) Windstorm: ...

(3) Crops: ...

(4) Miscellaneous: Insurance against any other insurance risk specified in the articles of incorporation which fire insurance companies doing business under the general insurance laws of this state are not prohibited by law from making and

for which specific provision is not made in this law.

To constitute "miscellaneous" insurance, the insurance must insure against a risk for which specific provision is not made in section 380.620. The nonassessable premium basis policies issued to plaintiffs insured against the risk of fire; their losses were, in fact, caused by fire. Section 380.-620(1) contains a specific provision for insurance against loss or damage caused by fire. Therefore, the insurance policy issued by defendant insuring against fire loss or damage is not "miscellaneous" insurance as that term is defined in section 380.620(4).

The benefits of the one-year statute of limitations and exemption from general insurance laws are conferred only upon those farmers' mutual insurance companies operating under the provisions of sections 380.-580–840. To the extent that defendant issues nonassessable premium basis policies against risks for which specific provisions are made in section 380.620, it is neither exempt from general law, nor operating under the provisions of sections 380.580–840. This Court holds, therefore, that the one-year statute of limitations is not available as a defense to claims arising from the issuance of nonassessable premium basis policies against fire risks.

Respondent argues that section 380.840 provided a one-year statute of limitation as to all claims under all policies issued by farmers' mutual insurance companies; and that there would have been no reason for the legislature to enact section 380.591, RSMo Cum.Supp.1984, which provides a different statute of limitations for nonassessable premium basis policies, had that been the law prior to enactment of section 380.591. This argument fails because section 380.840 has always applied to "miscellaneous" insurance policies issued on the nonassessable premium basis. By enacting section 380.591, the legislature enlarged the statute of limitations for the benefit of members holding "miscellaneous" insurance on a nonassessable premium basis.

The judgments dismissing plaintiffs' petitions are reversed, and the causes are remanded to the respective trial courts for further proceedings consistent with this opinion.

BILLINGS, BLACKMAR and RENDLEN, JJ., concur.

ROBERTSON, J., dissents in separate opinion filed.

DONNELLY and WELLIVER, JJ., dissent and concur in separate dissenting opinion of ROBERTSON, J.

ROBERTSON, Judge, dissenting.

I respectfully dissent.

There is little doubt but that the availability of a one-year statute of limitations for this respondent's nonassessable fire insurance policies makes little sense. As the principal opinion correctly states, the policy behind that one-year limitation serves an appropriate purpose only to the extent that assessable policies are issued; members whose financial resources are at risk are entitled to a prompt assessment of their exposure. However, we are not empowered, in my opinion, to assess the wisdom of the General Assembly's extension of that policy to nonassessable policies of insurance, in the absence of a violation of our Constitution.[1] Nor can it be said that the laws affecting farmers mutual insurance companies are a model of clarity.

Because I believe that the relevant statutes provide that the one-year statute of limitations available to farmers mutual insurance companies was available to such companies issuing nonassessable policies to these policyholders, I must dissent.

The principal opinion proceeds from the premise that prior to the 1963 amendments to the farmers mutual insurance law, farmers mutual insurance companies could issue policies on a nonassessable premium basis

---

1. Appellants claim that the one-year statute of limitations constitutes a special law in violation of Mo. Const. art. III, § 40(6). That issue was decided against appellants' position in *Abney v. Farmers Mutual Insurance Co. of Sikeston,* 608 S.W.2d 576 (Mo.App.1980).

without restriction. Specifically, the principal opinion assumes that a policy issued for a premium is one for which no further assessment is either required or permitted. Given the common understanding of the workings of "premium" payments for insurance coverage, this would be a reasonable assumption. Nor is this assumption contradicted by the first clause of § 9 of the 1953 act (Laws 1953, p. 252, 257), which states that

A company operating under this act may at the time the application for insurance is made or thereafter, collect such fee, initial charge and/or advance assessment or premiums as the directors may prescribe....[2]

*Id.*

However, that clause must be read in context with the remainder of that sentence, as well as in context with the entire law. Doing so, it becomes clear that the payment of a premium does not avoid the policyholder's ultimate liability for the payment of such assessments as may be necessary for the payment of losses and expenses during the relevant period. The clause following the one recited above states:

... and [a company operating under this act] shall collect sufficient assessments or premiums annually, or oftener, to enable it to pay losses and expenses, and, in accordance with the articles of incorporation or bylaws, to create and maintain a safety fund.

*Id.*

Furthermore, the same requirement that members remain liable for potential assessments exists in the other pertinent provisions of the 1953 act. Under that act, a farmers mutual insurance company was authorized to "insure buildings, personal

property and other risks *of its members."* § 5, Laws 1953 at 255 [§ 380.650, RSMo 1978 (repealed)] (emphasis added). Section 10 provided that

Each member of any company operating under this act shall be liable in accordance with the terms of his insurance contract or policy for his pro rata share of the amount necessary to pay all losses and expenses incurred during the time for which his respective policy is in force, and to create and maintain such safety fund as may be deemed necessary by the directors of such company. * * * *

§ 10, Laws 1953 at 257 [§ 380.720, RSMo 1978 (repealed)]. Read together, these sections mean that a policyholder could pay a premium and still bear responsibility for an assessment.

In 1963, the General Assembly amended § 380.710 in pertinent part to add the following:

[A] company which is *qualified to write "miscellaneous" insurance* as set out in section 380.620 subdivision 4[3] may charge and receive premiums on such of its policies as the board of directors may prescribe. Members holding policies issued on the premium basis shall pay the stipulated premium at or before the time when the policy is issued and *shall not be liable to assessment....*

§ 380.710, RSMo 1978 (emphasis added). Contrary to the principal opinion's understanding, the 1963 amendment both created and limited the ability of farmers mutual insurance companies to issue nonassessable policies. That amendment, in apparent recognition of the broader risk undertaken by a company issuing nonassessable policies, provided that only companies of a certain financial stature could issue nonassessable policies. And just as important, the legisla-

---

**2.** The word "premium" was defined to mean "a stipulated amount charged for a specified policy period, some portion of which amount the company is required by this act to charge as a liability and maintain as an unearned premium reserve until the end of the specified policy period." § 1(4), Laws of 1953 at 253.

**3.** Section 380.620(4) provides that a company operating under §§ 380.840–860 may write "miscellaneous" insurance. A company is qualified to write miscellaneous insurance under § 380.630(4) if it has at least one hundred million dollars net insurance at risk under one or more of the other subdivisions of § 380.620 and a safety fund of at least two hundred thousand dollars.

ture for the first time provided that policies issued on a premium basis "shall not be liable for assessment." Laws 1963, p. 499 (§ 380.710, RSMo 1969).

At the time of the 1963 amendments, the General Assembly did not alter the statute of limitations applicable to farmers mutual insurance companies to create an exception for policies issued on a nonassessable basis.[4] As a result, the only conclusion which can be legitimately drawn is that the General Assembly intended the one-year statute of limitations to apply to nonassessable policies issued by farmers mutual insurance companies. To conclude, as does the principal opinion, that the one-year statute of limitations for nonassessable policies is "contrary to the precise rationale for which the shorter statute of limitations was enacted" is simply to ignore the overt acts of the legislature.

The principal opinion reads the phrase "a company which is qualified to write miscellaneous insurance" in § 380.710 as meaning "a company, with respect to miscellaneous insurance policies written by it, ...". Alternatively, the opinion reads the language "such of its policies of insurance as the board of directors may prescribe" to include an additional term, so as to read: "such of its *miscellaneous* policies as the board of directors may prescribe." Neither variant on the wording of the statute is justified. The General Assembly's language constitutes a grant of authority to certain farmers mutual insurance companies to issue nonassessable policies; it is not, as the principal opinion argues, a limitation on the types of insurance which can be issued on a nonassessable basis.

I am not pleased with the result which I feel compelled to reach. The policy choice of the legislature seems unfair to me. However, the choice of appropriate policy has been vested by the Constitution in the General Assembly; we cannot disturb that choice simply because we disagree.

I would affirm the judgments of the respective trial courts. I respectfully dissent.

---

**4.** The General Assembly amended § 380.840 in 1984 to exclude nonassessable policies from the one-year statute of limitations. That amend-

ment is not applicable to the policies of insurance at issue here.