The HOLLAND CORPORATION, INC., Respondent,

v.

The MARYLAND CASUALTY COMPANY, Appellant.

No. WD 41376.

Missouri Court of Appeals, Western District.

July 11, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1989.

Larry J. Tyrl, Kansas City, for appellant.

R. Frederick Walters, Kansas City, for respondent.

Before BERREY, P.J., MANFORD and NUGENT, JJ.

BERREY, Judge.

Appeal from an order of the trial court granting respondent's The Holland Corporation's (Holland), motion for summary judgment and overruling appellant's, The Maryland Casualty Company's (Maryland), motion for summary judgment.

Maryland briefs two points in this appeal claiming: (1) that the trial court erred in its denial of Maryland's motion for summary judgment because Holland had not purchased cargo insurance, nor did Holland's insurance policies provide it with such coverage; and (2) that the trial court erred in finding an incidental contract under the broad form comprehensive general liability endorsement.

The litigation in the instant case arose out of an accident wherein a crane was damaged while Holland was transporting it. Holland is engaged in the construction business and was working as a subcontractor on a construction project within the state of Kansas in 1984. Deibel Construction Company (Deibel), the general contractor, requested that Holland transport a Pettibone Multi-crane to and from the construction site as Deibel did not have a tractor-trailer unit to haul the equipment. Holland agreed to Deibel's request. Holland did not own, lease or rent the crane, nor did it use the crane in performing its subcontract with Deibel.

On May 7, 1984, an employee of Holland orally agreed with an employee of Deibel to pick up, transport and deliver the crane at the construction site to the Bratton Corporation, the owner and lessor of the crane, at its place of business in Jackson County, Missouri. During the course of transporting the crane, the crane struck the underside of a bridge located at 85th and Troost in Kansas City, Missouri.

As a result of this accident, Maryland has paid, under the insurance issued to Holland, the total sum of $262,129.21 in damages. These payments include payments to Kansas City, Missouri, for damage to the bridge; to Kansas City Power and Light for damage to utility equipment; to Holland for damage to the Lo–Boy trailer used in transporting the crane; to Holiday Wine and Liquors for business interruption; and to Michael Donegan for personal injuries. Maryland, however, declined to pay the $37,000 claim for property damage to the crane because the insurance policies issued to Holland and in effect at the time of the accident did not provide insurance for cargo damages.

Suit was filed by Gulf Insurance Company against Holland to recover for damages paid to the owners of the crane. This case was settled by Holland for payment of $20,000. Holland incurred $12,743.85 for attorney's fees and expenses while engaged in defending and settling the suit. Holland filed a declaratory judgment action against Maryland in the circuit court of

Jackson County. Eventually, the trial judge granted summary judgment in favor of Holland, denying Maryland's cross-motion for summary judgment. The trial judge found, "that there was in existence an incidental contract as that term by its expanded definition is defined in the broad form coverage and that transportation of the crane related to the conduct of Holland Corporation, Inc.'s business." Thus, the trial judge concluded that Holland was covered and the exclusions did not apply. Maryland was ordered to pay $32,743.85 to Holland. This appeal followed.

Maryland first contends that the trial court erred in its denial of Maryland's motion for summary judgment because Holland had not purchased cargo insurance and the policies issued by Maryland did not provide coverage for damage to property being transported as cargo by Holland. Initially, it must be pointed out that the denial of a motion for summary judgment is not an appealable order. *Hamiltonian Federal Savings & Loan Association v. Reliance Ins. Co.*, 527 S.W.2d 440 (Mo.App. 1975). Furthermore, the whole controversy in the instant case revolves around the physical damage to the crane. Maryland points out that to cover this type of loss, Holland should have purchased cargo insurance. However, since cargo insurance was not purchased it really makes no difference as to whether or not it would cover the loss.

The real issue, touched upon in appellant's Point I and further expanded upon in Point II can be framed quite simply: was there coverage for the loss under the policy that did exist?

An insurance policy is a contract and, as with any other contract, must be given effect by the plain terms of the agreement. *Transport Indemnity Co. v. Teter*, 575 S.W.2d 780, 784 (Mo.App.1978). One of the most basic rules to follow as a guide to construing the terms of the policy is to interpret those terms in accordance with the ordinary meaning of the language used. *Luyties Pharmacal Co. v. Frederick Co., Inc.*, 716 S.W.2d 831 (Mo.App. 1986). "Where language in an insurance contract is unequivocal, it is to be given its plain meaning notwithstanding the fact that it appears in a restrictive provision of a policy." *Harrison v. MFA Mut. Ins. Co.*, 607 S.W.2d 137, 142 (Mo. banc 1980). Furthermore, a court must not use its "inventive powers for the purpose of creating an ambiguity when none exists." *Luyties Pharmacal Co. v. Frederick Co., Inc.*, supra, 716 S.W.2d at 835 (quoting *State Farm Mut. Auto. Ins. Co. v. Ward*, 340 S.W.2d 635, 639 (Mo.1960)).

Although "an insurance contract reasonably susceptible of any interpretation favorable to the insured will be so construed," *Bellamy v. Pacific Mut. Life Ins. Co.*, 651 S.W.2d 490, 495 (Mo. banc 1983), this does not mean that an ambiguity can be created where none exists. Keeping these principles firmly in mind, an examination of the insurance contract itself and the language contained therein is in order.

Maryland issued a special multi-peril general liability policy and an extension of coverage thereto which is referred to as the "broad form." The ensuing language states:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

Coverage A. bodily injury or

Coverage B. property damage

to which this insurance applies...." The next step is to look for exclusions contained in the policy. Except in circumstances within the context of public policy or statutory mandate, parties to an insurance contract are perfectly free to define coverage and to place limits upon such coverage. *Hempen v. State Farm Mut. Auto. Ins. Co.*, 687 S.W.2d 894, (Mo. banc 1985). An exclusion in an insurance contract does not create coverage but rather it subtracts, limits or denies coverage. *Transport Indemnity Co. v. Teter*, supra, 575 S.W.2d at 784.

The first possible exclusion is exclusion (d) set out in the policy which states that the insurance does not apply "to bodily

injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to any insured." This is clear enough and Holland concedes that the crane in question fits the policy definition of "mobile equipment." Holland contends that exclusion (d) is inapplicable and, indeed, the trial court found this to be so. The trial court found "that there was in existence an incidental contract as that term by its expanded definition is defined in the broad form coverage...."

Paragraph (C) of Contractual Liability coverage states that, "The following exclusions applicable to Coverages A (Bodily Injury) and B (Property Damage) do not apply to this Contractual Liability Coverage: (b), (c)(2), (d) and (e)." The only time an incidental contract is referred to in the policy appears in the section headed "Comprehensive General Liability Insurance Coverage Part." Exclusion (a) which provides that the coverage does not apply "to liability assumed by the insured under any contract or agreement except an incidental contract...." Exclusion (a) is not one of the exempted provisions in the contractual liability coverage.

It is inconsistent to claim that exclusion (d) is rendered inapplicable under the clause in the contractual liability coverage and then to argue that exclusion (a) is not applicable in the first instance if there was never any "liability assumed." The question becomes one of whether liability was assumed by the insured under an incidental contract.

An incidental contract is defined in the policy in a section headed "Definitions Applicable To Section II." An "incidental contract" is defined as "any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreement." This definition is expanded in the contrac-

tual liability coverage where it states, "The definition of incidental contract is extended to include any oral or written contract or agreement relating to the conduct of the insured's business." The trial court found an incidental contract in regard to the transportation of the truck. However, even if an incidental contract existed, the question of whether liability was assumed in that contract is still open.

In point of fact, however, the trial court erred in finding an incidental contract in the first place. The language of the policy clearly states that the contract must be related "to the conduct of the insured's business." Giving these words there plain meaning it is clear that the transportation of the crane was not related to the conduct of Holland's business. Holland was in the construction business, not the transport business. It did not own, lease, or rent the crane and at no time did it ever use the crane in any of its business activities or in the performance of its subcontract. Doing a favor for the general contractor falls outside of these boundaries.

Even if the concept could be stretched further the question of assumption of liability still exists. No agreement was made and no discussion ever took place as to where the liability for damage to the crane would be allocated. Deibel and Holland had no understanding on the subject.

■ It must further be noted that appellant has not waived or been estopped to assert that the broad form coverage is not applicable or that any exclusion in the broad form or exclusion (a) in the general liability coverage form is applicable, as respondent argues in its brief. Maryland, in a declination letter dated May 10, 1985, did not raise the broad form coverage or exclusion (a). Holland points out that if a ground of denial or exclusionary clause is not mentioned in the denial letter then the insurance carrier is estopped or has waived the right to raise these defenses at a later point in time. *Aetna Casualty & Surety Co. v. Haas*, 422 S.W.2d 316 (Mo.1968). While Holland is correct in this assertion, it does not go far enough. The general rule holds that waiver and estoppel are not

available to bring risks within the coverage of an insurance policy that are not covered by its terms or are excluded from that policy. *Lawrence v. New York Life Ins. Co.*, 649 S.W.2d 461 (Mo.App.1983). The rationale for this rule is that neither the doctrines of waiver nor estoppel may be used to create a new contract for the parties. *Id.* Missouri follows the general rule.

The trial court erred in granting respondent's motion for summary judgment. The judgment is reversed and the cause remanded to the trial court for entry of judgment in favor of appellant Maryland Casualty on its motion for summary judgment and against respondent Holland Corporation on its motion for summary judgment.

All concur.