**Randy D. BOWEN, Appellant,**

v.

**BUCHANAN COUNTY MUTUAL INSURANCE COMPANY,**
**Respondent.**

**No. WD 44379.**

Missouri Court of Appeals,
Western District.

April 14, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Application to Transfer Denied
July 21, 1992.

John H. Norton, Norton, White & Norton, Kansas City, for appellant.

R. Frederick Walters and J. Brett Milbourn, Walters Bender & Strohbehn, P.C., Kansas City, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Randy D. Bowen appeals from the dismissal of his petition for damages on a fire insurance policy. He contends that the trial court erred in granting Buchanan County Mutual's motion to dismiss because: (1) in order for the one-year statute of limitations to apply, the language of limitation must be prominent on the face page of an assessable policy and such was not the case in the instant action; (2) the question of whether the language was clearly and prominently displayed was a jury question and not a question of law subject to a motion to dismiss; and (3) the statutory one-year limitation applies only to assessable policies and the policy jacket does not inform the reader whether the coverage is assessable or not. The order of the trial court is affirmed.

Randy D. Bowen, a policyholder with Buchanan County Mutual Insurance Company, filed suit on October 11, 1988, against that company for damages resulting from a fire that occurred at his home on December 31, 1986. Buchanan County Mutual raised the statute of limitations as one of its defenses, claiming that the action was barred by § 380.591, RSMo 1986,[1] which prohibits such suits for loss under an assessable policy if not commenced within twelve months after the loss. It filed a motion to dismiss the same day, March 20, 1989, based upon this same ground. After a hearing on the matter, the trial court granted the motion to dismiss. Mr. Bowen appeals from this dismissal.

■ In Mr. Bowen's sole point, he claims that the trial court erred in granting the motion to dismiss because the language of limitation was not prominently displayed upon the face page of the policy and this

---

**1.** All statutory citations are to Revised Missouri Statutes 1986, unless otherwise stated.

presents a question for a jury. He also claims that the language on the jacket does not inform the reader as to whether the policy is assessable or not.

The motion to dismiss filed by Buchanan County Mutual is the functional equivalent of a motion for summary judgment as it allows for a final adjudication on the pleadings alone where no material issue of fact is presented and where, as a matter of law, the moving party is entitled to judgment. *See Schwartz v. Lawson,* 797 S.W.2d 828, 833 (Mo.App.1990). "The presentation of evidence beyond the pleadings converts a motion to dismiss or for judgment on the pleadings into a motion for summary judgment." *Id.* Review is done in the light most favorable to the non-moving party and the burden is on the party who moves for summary judgment to show that no genuine issue of material fact exists. *Kansas City v. W.R. Grace & Co.,* 778 S.W.2d 264, 268 (Mo.App.1989).

Section 380.591 provides:

1. No suit or action for any loss under an assessable policy shall be commenced until such loss becomes due in accordance with the policy, and in no event until sixty days have elapsed after proof of loss has been given the company. No such suit or action shall be sustainable in any court unless all the requirements of the policy have been complied with, nor unless commenced within twelve months next after the loss. The limitations permitted under the provisions of this section shall be clearly and prominently declared on the face page of any assessable policy.

2. Any action based upon a policy issued on a nonassessable basis shall be subject to the statutes of limitations applicable to a similar cause of action.

Mr. Bowen claims that the language of limitation was not contained on the face page of the policy as is required by § 380.-591.1. He contends that because the policy index makes no reference to the face sheet (or the jacket)[2] of the policy, the face page is not a part of the policy. The face page contains a section entitled "SPECIAL LIMITATIONS" which sets out the twelve-month statute of limitation stating, in pertinent part, "No such suit or action shall be sustainable in any court unless all the requirements of the policy have been complied with, nor unless commenced within twelve (12) months next after the loss." Form RC 92 MO 1–85, the form constituting the face page of the policy under review, was approved by the Division of Insurance on February 6, 1985.

Furthermore Mr. Bowen's assertion, that the page in question falls outside of the policy, is illogical and ignores the plain meaning of what a policy purports to be. The face page clearly identifies itself as a part of the policy with language reading: "THIS POLICY IS A LEGAL CONTRACT BETWEEN YOU AND US. READ YOUR POLICY CAREFULLY." Mr. Bowen's interpretation would exclude any jacket or face page or anything not mentioned in the index. Thus the "face page" language required by § 380.591, would never appear on the face page of a policy if that page was not indexed. The statute does not require that a page be listed in a policy index to be part of a policy; it requires that the "face page" contain the language of limitation.

Exactly what a face page consists of is not clear in Missouri law. No definition for the term is given either in the statutes or in the cases. Black defines "face" as:

> The surface of anything, especially the front, upper, or outer part or surface. That which particularly offers itself to the view of a spectator. The words of a written paper in their apparent or obvious meaning, as, the face of a note, bill, bond, check, draft, judgment record, or contract.

Black's Law Dictionary 530 (5th ed. 1979).

"The primary rule of statutory construction is to ascertain the intent of the legisla-

---

**2.** There appears to be some confusion over whether the "face sheet" of the policy and the "jacket" of the policy are one and the same. It appears that the language in contention appears on the first page that a reader would immediately see when looking at the policy. That page apparently contained a window for the name and address of the insured. The entire page in issue is reproduced in Appendix "A." For the purposes of this appeal that page will be referred to as the face page.

ture from language used, to give effect to that intent, if possible, and to consider words used in their plain and ordinary meaning." *Updegraff v. Farmer's Mut. Ins. Co.*, 782 S.W.2d 700, 702 (Mo.App. 1989) (citing *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988)). It is obvious from a reading of the statute that the legislature intended that the language of limitations be placed at the front of a policy and not buried within the policy provisions. The statute of limitations on assessable policies is a shorter statute than what might be expected when examining insurance contracts in general. The policy in the instant case fulfills the legislative intention by placing the language of limitation on the very front of the policy. To read "face page" more restrictively, as urged by Mr. Bowen, is not reasonable. The face page in the instant case was a part of the policy and contained language of limitations in compliance with the statute.

■ Mr. Bowen contends that the question of whether the language was "clearly and prominently" declared is also a question of fact and thus a jury issue. He relies upon *W.R. Grace & Co.*, 778 S.W.2d at 268, to support his contention as the case states that, "[w]hen issues of fact are present, statute of limitations issues must be submitted to the jury."

In *W.R. Grace & Co.* there existed genuine issues of material fact as to when the causes of action accrued and when the statute of limitations began to run. *Id.* This question of fact is a different question than that presented by Mr. Bowen in the instant case. The policy is an assessable policy with a twelve-month limitations period beginning at the time of the loss, December 31, 1986. The suit was not filed until after the time allowed had run. There is no factual issue left to be determined concerning the statute of limitations. Instead, the question Mr. Bowen presents is whether the policy clearly and prominently displayed the language of limitation on its face page as required by § 380.591.

The language in question informs the reader that, "No suit or action shall be

sustainable in any court unless all the requirements of the policy have been complied with, nor unless commenced within twelve (12) months next after the loss." The language used to state the limitation is clear and unambiguous. This court, in *West v. Jacobs*, 790 S.W.2d 475 (Mo.App. 1990), summarized the rules of construction used when reviewing the terms of an insurance contract for ambiguity. It stated:

"An insurance policy is a contract and, as with any other contract, must be given effect by the plain terms of its agreement." *Holland Corp., Inc. v. Maryland Casualty Co.*, 775 S.W.2d 531 at 533 (Mo.App.1989), citing *Transport Indemnity Co. v. Teter*, 575 S.W.2d 780 at 784 (Mo.App.1978). Terms of an insurance policy are to be interpreted in accordance with the ordinary meaning of the language used. *Holland, supra* at 533. Language is ambiguous only if it is reasonably open to different construction. *Robin v. Blue Cross Hospital Service, Inc.*, 637 S.W.2d 695 at 696 (Mo. banc 1982). The term "ambiguous" generally means reasonably and fairly open to different constructions. *First National Bank of Malden v. Farmers New World Life Ins. Co.*, 455 S.W.2d 517 at 522 (Mo.App.1970). "Where language in an insurance contract is unequivocal, it is to be given its plain meaning notwithstanding the fact that it appears in a restrictive provision of a policy." *Holland, supra*, quoting *Harrison v. M.F.A. Mut. Ins. Co.*, 607 S.W.2d 137 at 142 (Mo. banc 1980). Further, a court must not use its "inventive powers for the purpose of creating an ambiguity where none exists." *Holland, supra*, quoting *State Farm Mut. Auto. Ins. Co. v. Ward*, 340 S.W.2d 635 at 639 (Mo.1960).

*Id.* at 477.

The language in the policy states the limitations period in clear terms, without any equivocation. There is no room for interpretation, nor could reasonable men differ over its meaning. As a matter of law, the language is clear.

■ It is also prominently displayed. Although the language is in smaller print

than other sections of the policy, it is still readable. It is marked out for special attention by a heading which alerts the reader that these are "SPECIAL LIMITATIONS." Pursuant to § 380.251, the Missouri Division of Insurance approved the cover and found it to be satisfactory. Clearly, the provision was in compliance with what is ordained by the statute. No genuine issue as to any material fact exists and, based upon a review of the foregoing issues, it cannot be said that the trial court erred in granting the motion to dismiss.

■ Mr. Bowen claims that § 380.591 only applies to assessable policies and that a careful reading of the policy jacket does not inform the reader that the coverage is assessable. The jacket of the policy contains the following provision:

THE PROPERTY PORTION OF THIS POLICY IS ASSESSABLE. If necessary, you may be assessed an amount constituting the policyholder's share of the expense determined by the Company to be necessary to pay accrued liabilities to meet or defray anticipated needs of the Company and/or to add to or restore

the guarantee fund. This obligation is further defined in the Company articles and by-laws.

The policy itself is divided into two portions, "PROPERTY PROTECTION" and "COMPREHENSIVE PERSONAL LIABILITY PROTECTION." Mr. Bowen's attempt to read the language "THE PROPERTY PORTION OF THIS POLICY IS ASSESSABLE" to create an ambiguity is inventive, but unreasonable. The reference to the by-laws mentioned in the above-quoted passage follows a description of how an assessment is applied. "A contract is ambiguous only if its terms are susceptible to more than one meaning so that reasonable men may fairly and honestly differ in their construction of them." *Hill v. McDonald's Corp.*, 709 S.W.2d 169, 170 (Mo.App.1986). Here the term in issue is not susceptible to more than one meaning.

The order of the trial court granting Buchanan County Mutual's motion to dismiss is affirmed.

All concur.

## APPENDIX A

Your

Policy

# Buchanan County Mutual Insurance Company

### St. Joseph, Missouri

#### (Property Insurer)

THE PROPERTY PORTION OF THIS POLICY IS ASSESSABLE. If necessary, you may be assessed an amount constituting the policyholder's share of the expense determined by the Company to be necessary to pay accrued liabilities to meet or defray anticipated needs of the Company and/or to add to or restore the guarantee fund. This obligation is further defined in the Company articles and by-laws.

#### SPECIAL LIMITATIONS

No suit or action for any loss under this policy shall be commenced until such loss becomes due in accordance with the policy and in no event until sixty (60) days have elapsed after proof of loss has been given the Company. No such suit or action shall be sustainable in any court unless all the requirements of the policy have been complied with, nor unless commenced within twelve (12) months next after the loss.

### and

### GRINNELL MUTUAL REINSURANCE COMPANY
### Grinnell, Iowa
#### (Liability Insurer)
#### (A Non-Assessable Company)

### THIS POLICY IS A LEGAL CONTRACT BETWEEN YOU AND US.
### READ YOUR POLICY CAREFULLY.

You, the Named Policyholder, are a member of both Companies while this Policy is in force and are entitled to vote and participate in the distribution of any dividends.

The Annual Meetings are held at the locations and times given below:

BUCHANAN COUNTY MUTUAL
INSURANCE COMPANY
City of St. Joseph, Buchanan County, Missouri
Last Tuesday in January of each year.

GRINNELL MUTUAL REINSURANCE COMPANY
City of Grinnell, Poweshiek County, Iowa
Wednesday before the last Thursday in June,
commencing at 2:00 P.M.

President _Earl Sherwood_     _Philip R. Yount_ President

Secretary _Everett F. Cummings_     _David R. O'Connor_ Secretary

RC 32 MO 1-85