**Mary B. DEMENT, Plaintiff–Appellant,**

v.

**BARTON COUNTY MUTUAL INSURANCE COMPANY, Defendant–Respondent.**

**No. 21210.**

Missouri Court of Appeals, Southern District, Division Two.

May 13, 1997.

Donald Rhodes, Bloomfield, for plaintiff-appellant.

J. Michael Ponder, Cape Girardeau, for defendant-respondent.

PARRISH, Judge.

Mary B. Dement (plaintiff) appeals a judgment for defendant Barton County Mutual Insurance Co. (Barton County Mutual) in a breach of contract action on an insurance policy. This court reverses and remands.

Barton County Mutual issued a homeowners insurance policy to Mary B. Dement and Willis G. Dement dated March 5, 1992. Plaintiff's property was damaged by fire December 16, 1993. The insurance policy was in force on that date. This lawsuit was filed August 24, 1995. It sought damages in the amount of $10,865.49 for personal property that was damaged or destroyed in the fire.

Paragraph 2 of plaintiff's petition alleged "[t]hat Defendant is and was, at all times herein material, an insurance company organized under the laws of the State of Missouri." Barton County Mutual answered, "Defendant admits that it is and was at all times relevant hereto a mutual insurance company organized under the laws of the State of Missouri, and specifically Chapter 380 R.S.M.O., 1994."

The answer admitted issuing a homeowners policy of insurance on plaintiff's property; that the exhibit plaintiff attached to her petition reflected "the policy of insurance issued on Plaintiff and her husband." It admitted that a fire occurred on plaintiff's premises on or about December 16, 1993, and that "damage or destruction" occurred. It admitted that Barton County Mutual had not made payment of plaintiff's claims, but denied plaintiff's allegation that she complied with all terms and conditions of the policy "in that arson by the insured was the cause of the property damage."

The answer pleaded as an affirmative defense:

1. By Plaintiff's own petition, the fire loss herein occurred on December 16, 1993. This cause of action was filed in the Associate Circuit Court of Mississippi County on August 24, 1995.

2. Defendant is and was at all times relevant hereto a mutual insurance company duly organized and existing under the laws of the State of Missouri to wit Chapter 380 of the Revised Statutes of Missouri.

3. That Section 380.591 limits the time for commencement of suits under Chapter 380 to one year from the date of loss and this suit is therefore time barred.

·    ·    ·    ·    ·

Plaintiff presents one point on appeal. It states the trial court erred in finding for Barton County Mutual; that the trial court's judgment was against the weight of the evidence because the insurance policy in question was in full force and effect at the time of the loss, plaintiff's action was not time barred, and plaintiff provided evidence of her losses and additional living expenses.

Plaintiff presented evidence of the fire and testimony in support of her claimed damages. The insurance policy was admitted in evidence. The policy term is stated as: "EFF: 03/05/92 EXP: 03/05/95." Its declarations page includes coverage for "personal property" in the amount of $17,500 and coverage for "additional living costs" in the amount of $3,500.

Barton County Mutual made no opening statement or closing argument at trial. The only witness it called was plaintiff—she had previously testified in her case-in-chief. She was asked about the proof of loss she submitted and whether she received a letter from Barton County Mutual that indicated it was not sufficient. She answered, "The only letter I got from the insurance company—every

time I'd get one from the insurance company, they'd tell me they wasn't going to pay me nothing. That's what I'd get from them." She was then asked about a copy of a letter which was not introduced in evidence. She answered that she did not remember receiving the letter.

Barton County Mutual's attorney asked plaintiff about the insurance policy. He asked if she was familiar that "on the front it says that you got to bring any lawsuit within a year of—a year of the loss." She acknowledged she was familiar with the language on the front of the policy. Plaintiff then was asked who applied for the policy of insurance. She answered, "Me." She was asked the following questions and gave the following answers:

Q. (by Barton County Mutual's attorney) All right. And you said that you applied for that insurance policy?

A. Yes, sir.

Q. Did—

A. Willis was with me.

Q. Oh, okay. Willis was with you?

A. Yes.

Q. Okay. You all got divorced January of what year?

A. '92.

Q. Okay. Willis filled out the form to get the insurance?

A. Yes,. sir. Because I don't have a high school education.

Q. Uh-huh.

A. And he went with me.

Q. And his name is on the policy?

A. Yes, sir. I guess they put it on there because he paid them the money.

Barton County Mutual then offered its only trial exhibit in evidence, Defendant's Exhibit A, described in the index of the Transcript on Appeal as "Proof of Loss."

This case was tried without a jury pursuant to Rule 73.01. No request was made for a statement of grounds for the trial court's decision, and the trial court made no find-

ings. Fact issues are, therefore, considered as having been found in accordance with the result reached. Rule 73.01(a)(3).

Plaintiff argues:

The only defenses raised by [Barton County Mutual] against [plaintiff's] claim for losses, is that the residential fire was caused by arson committed by [plaintiff's] ex-husband who was named as an insured on the policy, and that this cause of action was time barred. [Barton County Mutual] but briefly attempted to elicit testimony at trial to support the defense of arson and offered no evidence to support such a defense.... [Page references to record on appeal omitted.]

This court agrees. Although Barton County Mutual asserted the affirmative defense of arson, it offered no evidence in support of that defense. Pleadings are not self-proving. *Stewart v. Brown*, 546 S.W.2d 204, 207 (Mo. App.1977). The only issue for review is the applicability of the pleaded statute of limitation.

■ Barton County Mutual is a mutual insurance company. Its activities are governed by chapter 380.[1] Section 380.591 is the statute of limitation Barton County Mutual raised as a defense to plaintiff's claim.[2] It states:

1. No suit or action for any loss *under an assessable policy* shall be commenced until such loss becomes due in accordance with the policy, and in no event until sixty days have elapsed after proof of loss has been given the company. No such suit or action shall be sustainable in any court unless all the requirements of the policy have been complied with, nor unless commenced within twelve months next after the loss. *The limitations permitted under the provisions of this section shall be clearly and prominently declared on the face page of any assessable policy.*

2. Any action based upon a policy issued *on a nonassessable basis* shall be subject to the statutes of limitations appli-

---

1. References to statutes are to RSMo 1986.

2. "To successfully aver a statute of limitation as a bar to a claim, a party must set forth specifical-

ly the particular statute upon which he relies." *Reed v. Rope*, 817 S.W.2d 503, 507 (Mo.App. 1991).

cable to a similar cause of action. [Emphasis added.]

Plaintiff's suit was filed more than 12 months after her loss occurred. If her policy was assessable, recovery is barred by § 380.591.1. If it was nonassessable, the statute of limitation Barton County Mutual pleaded as an affirmative defense does not apply. § 380.591.2; *Shipley v. Columbia Mut. Ins. Co.*, 712 S.W.2d 375, 379 (Mo. banc 1986).

Section 380.251.2 requires policies of insurance issued by Missouri mutual companies to state "whether the policy is assessable." Policies issued by such companies must have the information "printed on them." *Id.*

Section 380.431.1 provides:

A company operating under the provisions of sections 380.201 to 380.591 may collect such fee and/or initial charge as the board of directors shall prescribe and shall collect a sufficient amount of money annually, or oftener, to enable it to pay losses and expenses, and, in accordance with the articles of incorporation and bylaws, to create and maintain a guaranty fund. The amount required shall be collected by assessments or through premiums charged by the company on such of its policies as the board of directors may prescribe. *Members holding policies issued on the premium basis shall pay the stipulated premium at or before the time when the policy is issued and shall not be liable to assessment. Members holding policies not issued on the premium basis may be charged such advance assessment, payable at or before the time when the policy is issued as the board of directors may prescribe, but such members shall be liable to further assessment, if any shall be required, in accordance with the provisions of the company's articles of incorporation and sections 380.201 to 380.591. The terms and conditions of the assessment feature must be clearly disclosed in the policy.* [Emphasis added.]

Plaintiff argues:

There is absolutely no language in the instant policy stating that same is assessable. As an assessable policy *"shall"* so

state (R.S.Mo. § 380.251.2), the policy herein can only be construed to be nonassessable. There is also an absence of language in the policy herein regarding the annual meeting as is required by R.S.Mo. § 380.251.2. As an assessable policy *"shall"* state when and where the annual meeting will be held, the policy herein can only be construed to be nonassessable. The policy herein is totally void of any wording regarding terms or conditions of an assessment feature. As an assessable policy must clearly disclose such terms in the policy (R.S.Mo. § 380.431.1), the policy herein can only be construed to be nonassessable.

The following statement is printed on the jacket of plaintiff's policy of insurance under the heading, "NOTICE OF SPECIAL PROVISIONS OF THE MISSOURI MUTUAL LAW":

No suit or action for any loss under this policy shall be commenced until such loss comes due in accordance with the policy, and in no event until sixty (60) days have elapsed after proof of loss has been given the company. No such suit or action shall be sustainable in any court unless all the requirements of the policy have been complied with, nor unless commenced within twelve (12) months next after the loss.

Missouri Mutual Law requires Missouri Mutuals to maintain adequate reinsurance sufficient to protect the financial stability of the company. In the event of serious impairment of the company, the policyholder could be liable to further assessments.

A policyholder shall not be liable to assessment for any losses or expenses incurred by the company subsequent to the termination of his policy nor shall he be liable for any obligations incurred by the company prior to such termination unless notice is given within one year of such termination.

A copy of the policy jacket is attached as an appendix to this opinion.

Barton County Mutual argues that the second and third paragraphs of the quoted "notice" comply with the requirement of § 380.431.1 that "[t]he terms and conditions

of the assessment feature must be clearly disclosed" in an assessable policy. It relies on three cases as support for its claim that the policy language clearly articulates the policy is assessable, *Bauldin v. Barton County Mut. Ins. Co.*, 606 S.W.2d 444 (Mo.App. 1980); *Bauldin v. Barton County Mut. Ins. Co.*, 666 S.W.2d 948 (Mo.App.1984); and *Bowen v. Buchanan County Mut. Ins. Co.*, 834 S.W.2d 203 (Mo.App.1992).

Neither of the *Bauldin* cases is on point. The issue in those cases is whether the statute of limitation applicable to an assessable policy can be waived by the issuing company's conduct. That question is not presented in this appeal.

*Bowen* is instructional although not helpful to Barton County Mutual. *Bowen* held the requirement of § 380.591.1 that the limitation period applicable to assessable policies be displayed on the face page of the policy is met by printing appropriate language on the "jacket" of the policy of insurance. *Bowen* also addresses the requirement that a policy must inform a reader with respect to whether it is assessable.

Section 380.431.1 requires that assessable policies "clearly disclose[ ]" terms and conditions with respect to the policy's assessable feature. Although *Bowen* does not cite § 380.431.1, it holds the following language on the jacket of the policy sufficiently informed a reader that the policy was assessable:

> THE PROPERTY PORTION OF THIS POLICY IS ASSESSABLE. If necessary, you may be assessed an amount constituting the policyholder's share of the expense determined by the Company to be necessary to pay accrued liabilities to meet or defray anticipated needs of the Company and/or to add to or restore the guarantee fund. This obligation is further defined in the Company articles and by-laws.

834 S.W.2d at 207. A copy of the jacket of the policy of insurance in *Bowen* is set forth as "Appendix A" to that opinion. *Id.* at 208.

Even a cursory comparison of the statement on the jacket of the policy in *Bowen*

with the statement on the jacket of the policy in this case discloses little similarity between the two. The statement in *Bowen* states with particularity, in capitalized letters, that the policy is assessable. The policyholder is told that he or she could be assessed an additional amount to pay their share of additional expenses if that became necessary in order to pay accrued liabilities or meet additional needs of the company. The printed statement on the *Bowen* policy provides notice that the insurer's articles and by-laws are source documents for determining potential obligations of policyholders.

The Barton County Mutual policy, on the other hand, states only that Missouri mutuals are required "to maintain adequate reinsurance sufficient to protect the financial stability of the company." It adds, "In the event of serious impairment of the company, the policyholder could be liable to further assessments."

Barton County Mutual's policy does not clearly disclose assessment features it attempts to impose on a policyholder. It does not comply with the disclosure requirement of § 380.431.1. Likewise, as argued by plaintiff, the policy does not state "when and where the annual meeting will be held" as required by § 380.251.2.

■ This court holds that because the policy Barton County Mutual issued to plaintiff does not include language that meets the requirements of Missouri statutes, it is a nonassessable policy. Therefore, § 380.591.1 is not a defense to plaintiff's claim. The trial court's finding to the contrary is a misapplication of law. The judgment is reversed and the case remanded for determination on its merits. Whether the parties shall be permitted to offer additional evidence, or whether the case shall be decided on the basis of the evidence heretofore adduced, is left to the sound discretion of the trial court.

MONTGOMERY, C.J., and CROW, P.J., concur.

SHRUM, J., recused.

## APPENDIX A

### *BARTON COUNTY MUTUAL*
### *INSURANCE COMPANY*
#### LIBERAL, MISSOURI 64762

Your **Homeowners** policy is designed for easier reading. Please take time to read it to avoid future misunderstanding.

SEE THE REAR OF THIS POLICY JACKET FOR A GUIDE TO THE MOST FREQUENTLY ASKED QUESTIONS.

### — NOTICE OF SPECIAL PROVISIONS OF THE MISSOURI MUTUAL LAW —

No suit or action for any loss under this policy shall be commenced until such loss comes due in accordance with the policy, and in no event until sixty (60) days have elapsed after proof of loss has been given the company. No such suit or action shall be sustainable in any court unless all the requirements of the policy have been complied with, nor unless commenced within twelve (12) months next after the loss.

Missouri Mutual Law requires Missouri Mutuals to maintain adequate reinsurance sufficient to protect the financial stability of the company. In the event of serious impairment of the company, the policyholder could be liable to further assessments.

A policyholder shall not be liable to assessment for any losses or expenses incurred by the company subsequent to the termination of his policy nor shall he be liable for any obligations incurred by the company prior to such termination unless notice is given within one year of such termination.

— 4 —