**LUYTIES PHARMACAL CO.,**
Plaintiff/Appellant,

v.

**FREDERIC CO., INC.,**
Defendant/Respondent/Third-Party
Plaintiff/Appellant,

v.

**The WESTERN CASUALTY AND SURE-
TY COMPANY,** Third-Party
Defendant/Respondent.

No. 50664.

Missouri Court of Appeals,
Eastern District,
Division Nine.

Aug. 12, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Sept. 24, 1986.

David O. Danis, St. Louis, for plaintiff/appellant Luyties Pharmacal.

Donald H. Clooney, Timothy R. Anderson, St. Louis, for defendant/respondent/third-party plaintiff/appellant Frederic Co.

John H. Marshall, St. Louis, for Western Cas.

CRANDALL, Presiding Judge.

Luyties Pharmacal Co. (Luyties) brought this action to recover expenses incurred to repair and replace a leaky roof installed by defendant, Frederic Co., Inc. (Frederic), on a commercial building. Frederic filed a third-party action against its insurance carrier, The Western Casualty and Surety Company (Western), for refusing to defend the lawsuit brought by Luyties. The trial court severed the third-party action for separate trial. Luyties was awarded damages by a jury for Frederic's negligence in failing to recommend that proper drainage be installed to remove water from the roof. Luyties appeals from the trial court's granting Frederic's motion for judgment notwithstanding the verdict and, in the alternative, its sustaining Frederic's motion for new trial. Frederic appeals the judgment of the trial court, in a separate jury-waived case, that Western was not liable under the comprehensive liability policy issued to Frederic. We have consolidated the appeals. We reverse and remand with directions to reinstate the verdict of the jury in favor of Luyties. We affirm the judgment in favor of Western in the third-party action.

The record reveals that Frederic entered into a contract to install a flat roof on a warehouse owned by Luyties. The president of Luyties authorized that the contract be signed by Manola Co., of which he was also president and which was owned by the same holding company as Luyties. Frederic completed installation of the roof in the fall of 1977. There was conflicting testimony as to whether Frederic had informed Luyties of the need to install drains on the roof to eliminate the problem of water pooling on the roof. That winter, the roof began to leak. In the spring, Luyties installed four roof drains and Frederic repaired the roof. The following winter, the roof leaked again. In March, 1979, Frederic determined that repair of the roof was no longer under the guarantee agreement in the contract because the damage had been caused by the structural movement of the building. Luyties installed nine more roof drains. The following fall, Luyties hired another company to install a new roof.

Luyties brought this action against Frederic. The petition was in three counts. Count I charged that Frederic breached the roofing contract. Count II was a claim based upon breach of the guarantee agreement. Count III sought damages for Frederic's negligence in failing to advise Luyties of the need to provide for proper drainage of the roof. At the close of Luyties's evidence, the trial court granted a directed verdict on Counts I and II. The case was submitted to the jury only on Count III, the count sounding in negligence. The jury returned a verdict in favor of Luyties in the sum of $9,747.00. The trial court granted

Frederic's motion for judgment notwithstanding the verdict on the ground that Luyties was "not the proper party plaintiff." In the alternative, the trial court granted Frederic's motion for new trial on the ground that Luyties's verdict directing instruction required a finding that Frederic had a duty to advise Luyties of the need for additional drains when no such duty had been shown. Luyties appeals only the judgment entered by the trial court on Count III.

At the time the original work on the roof was performed, a comprehensive liability policy which had been issued to Frederic by Western was in effect.[1] Western refused Frederic's request to defend it against the claim of Luyties. Frederic filed a third-party petition against Western in an attempt to make Western responsible for defense costs, attorney's fees and any judgment awarded against it. The third-party action was severed and tried by the court after the claim against Frederic was litigated. The trial court determined that the insurance policy did not cover Luyties's claim against Frederic. Frederic appeals the judgment in favor of Western in the third-party action.

■ We first consider Luyties's two points on appeal. In reviewing the grant of a motion for judgment notwithstanding the verdict and, in the alternative, of a motion for new trial after a verdict for plaintiff, plaintiff is entitled to have the evidence viewed in the light most favorable to him, with all reasonable inferences deducible therefrom. *Arthur v. Jablonov*, 665 S.W.2d 364, 365 (Mo.App.1984).

In its first point, Luyties challenges the trial court's granting Frederic's motion for judgment notwithstanding the verdict on the ground that no contractual relationship existed between the parties to the action,

based on the fact that the contract was signed not by Luyties but by Manola Co.

Luyties asserts that a contract did in fact exist and relies on an admission made by Frederic in its pleading. In paragraph 3, Count I of its petition, Luyties alleged that "Plaintiff and defendant entered into an agreement in writing ... to construct a new flat roof...." Frederic admitted this allegation in his answer to Count I.

■ Frederic counters that an admission made by it in Count I is not admissable against it on an issue raised in Count III. Frederic relies on *Jenkins v. Simmons*, 472 S.W.2d 417 (Mo.1971) which states:

> The rule in most jurisdictions is that the admissions made by a pleader in one count or plea are not admissible against him on an issue raised by his denials or averments made in another count or plea. In other words, *where inconsistent counts or defenses are pleaded*, the admissions in one of them cannot be used to destroy the effect of the other.

Id. at 421 (quoting 29 Am.Jur.2d, Evidence, § 692, p. 747). (emphasis added).

In Count I, Luyties sought damages in the amount of the contract price, charging that Frederic had failed to properly perform the contract by installing the roof in an unskillful and negligent manner. In Count III, Luyties sought expenses for repair and replacement of the roof, alleging that such expenses had been incurred as a result of Frederic's negligence in failing to recommend proper drainage for the roof. Count I is based on a breach of contract theory and Count III is based on a negligence theory. The two theories of recovery are neither inconsistent nor mutually exclusive. "An allegation of fact in an answer is binding on the pleader and precludes the party from afterwards maintaining a contrary or inconsistent position." *E.C. Robinson Lumber Co. v. Ladman*,

---

1. The coverage portion of the policy provides in pertinent part:
   The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
   A. bodily injury or,

   B. property damage
   to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage ...

255 S.W.2d 72, 78 (Mo.App.1953). Frederic is therefore bound by its answer that it had signed a contract with Luyties. The trial court erred in holding that no contract existed between Luyties and Frederic and in granting Frederic's motion for judgment notwithstanding the verdict.

■■■ Luyties's second point alleges error in the trial court's sustaining Frederic's motion for new trial on the ground that the verdict director, Instruction No. 4, "indicated to the jury that [Frederic] did in fact have a duty to advise [Luyties] of the need for additional drains when no such duty was shown and same was an issue for the jury to decide." Instruction No. 4 reads:

Your verdict must be for plaintiff *if you believe:*

First, defendant Frederic Company, Inc. had a duty to advise plaintiff prior to installing the new roof on plaintiff's building of the need for additional drains, and

Second, defendant failed to advise plaintiff prior to installing the new roof on plaintiff's building of the need for additional drains, and

Third, defendant was thereby negligent, and

Fourth, as a direct result of such negligence plaintiff sustained damage. (emphasis added).

Luyties notes in its brief that Frederic did not object to the instruction and submitted a converse instruction with language identical to that of the verdict director. "Although apparently sanctioned by Rule 70.03, the practice of withholding specific objections and saving them for a post-trial motion has been criticized." *Lipton Realty, Inc. v. St. Louis Housing Authority,* 705 S.W.2d 565, 571 (Mo.App. 1986). In addition, Rule 70.02(f) provides that a request for a converse does not waive the right to later challenge the conversed instruction.

When a motion for new trial is granted because of prejudicial error in the instructions, the question presented on appeal is question of law. *Kuzuf v. Gebhardt,* 602 S.W.2d 446, 449 (Mo. banc 1980). The ver-

dict director required the jury to find for Luyties *if* they found that Frederic had a duty to advise Luyties of the need to install drains. The language of the verdict directing instruction clearly indicates that the issue submitted to the jury was whether Frederic owed a duty to Luyties. The instruction did not posit that such a duty did in fact exist. Whether the existence of a duty is properly a jury question has not been raised on appeal by the parties. We therefore do not address that issue. The trial court erred in granting Frederic's motion for new trial for the grounds specified. Rule 78.03.

· ■■■ We next address Frederic's third-party claim against Western for Western's disclaiming coverage and refusing to tender a defense on behalf of Frederic. Western relies on the following exclusions in the policy:

(n) to property damage to the named insured's products arising out of such products or any part of such products;

(o) to property damage to work performed by or on behalf of the named insured arising out of work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.

Western claims that the "product" and "work" exclusions of the liability policy are applicable to the damage at issue in the suit against Frederic. Frederic counters that Western's policy does not expressly limit its liability to exclude coverage for torts of omission or failure to warn. *See, e.g., Cooling v. United States Fidelity and Guaranty Co.,* 269 So.2d 294, 298 (La.App. 1972). Our standard of review in a court-tried case is guided by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.App.1976).

The duty of a liability insurer to defend pursuant to its agreement is determined by comparing the language of the insurance contract and the allegations of the petition in the action brought by the person injured or damaged. *Fidelity and Casualty Co. of New York v. Wrather,* 652 S.W.2d 245,

247 (Mo.App.1983) (citations omitted). If the complaint alleges facts which state a claim potentially within the policy's coverage, there is a duty to defend. *Id.*

It is imperative that a comprehensive liability policy be written in simple and concise language so that the insured can easily comprehend his coverage and the insuror can easily ascertain his exposure to risk. A policy should be interpreted by the courts in accordance with the ordinary meaning of the policy language, without undue straining of that language. *Braxton v. United States Fire Ins. Co.,* 651 S.W.2d 616, 621 (Mo.App.1983) (Smith dissenting). "Where language in an insurance contract is unequivocal, it is to be given its plain meaning notwithstanding the fact that it appears in a restrictive provision of a policy." *Harrison v. MFA Mutual Ins. Co.,* 607 S.W.2d 137, 142 (Mo. banc 1980). "[T]he court's are not authorized to ... exercise inventive powers for the purpose of creating an ambiguity when none exists." *State Farm Mut. Auto. Ins. Co. v. Ward,* 340 S.W.2d 635, 639 (Mo.1960) (citations omitted).

The salient issue is whether damages arising out of the insured's negligence in failing to recommend proper drainage falls within the policy exclusions for damages arising out of Frederic's products or work performed. Although Frederic has creatively pled its case in an effort to escape falling under the policy exclusions, the fact still remains that Luyties's newly installed roof leaked. There is no question that the roof was installed by Frederic and that all the materials for the project were furnished by Frederic. The new roof, consisting of Frederic's work and product, was clearly defective. To determine that the work and product exclusions are not applicable in this situation would effectively emasculate these exclusions. The trial court did not err in holding that Western had no duty to defend Frederic in the lawsuit brought by Luyties.

We reverse and remand with directions to reinstate the verdict of the jury in favor of Luyties. We affirm the judgment in the third-party action in favor of Western.

REINHARD and CRIST, JJ., concur.