Robert D. McKEE, Plaintiff/Appellant,

v.

AMERICAN FAMILY MUTUAL INSUR-
ANCE CO., Defendant/Respondent.

No. 68615.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 12, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 24, 1996.

Case Transferred to Supreme Court
May 28, 1996.
Case Retransferred to Court of
Appeals Nov. 19, 1996.
Original Opinion Reinstated
Nov. 27, 1996.

Kurt D. Breeze, Dodson, Breeze, Kister, Roberts & Millan, L.C., Festus, for Appellant.

Mark T. Stoll, Wegmann, Gasaway, Stewart, Dieffenbach, Tesreau, Stoll & Sherman, P.C., Hillsboro, for Respondent.

CRANDALL, Judge.

Plaintiff, Robert D. McKee, appeals from the trial court's grant of summary judgment in favor of defendant, American Family Mutual Insurance Company. We affirm.

When considering an appeal from a summary judgment, this court reviews the record in the light most favorable to the non-moving party, giving the non-movant the benefit of all reasonable inferences from the record. *ITT Commercial Finance Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* Our review is essentially *de novo*. Because the propriety of summary judgment is purely an issue of law, an appellate court need not defer to the trial court's grant of summary judgment. *Id.*

To be entitled to summary judgment, the movant must establish that there are no issues of material fact and that he is entitled to judgment as a matter of law. Rule 74.04.

Once the movant has established he is entitled to judgment as a matter of law, the non-moving party must show that there is a genuine issue as to the facts underlying the movant's right to judgment. *ITT Commercial*, 854 S.W.2d at 382. For purposes of Rule 74.04, a "genuine issue" exists where the record contains competent materials that demonstrate two plausible, but contradictory, accounts of the essential facts.

The record in this case consists of affidavits, exhibits, and plaintiff's deposition. The record establishes that plaintiff, aged 21, was a passenger in a vehicle which was involved in an accident on February 14, 1992. He recovered under the driver's automobile insurance policy, receiving the limits of that policy's liability coverage. Because plaintiff lived with his mother, Carole McKee (mother), he brought an action to recover under the underinsured motorist provision of an automobile policy issued to her by American Family Mutual Insurance Company (American Family).

Plaintiff and American Family both filed motions for summary judgment. The trial court denied the motions. After plaintiff was deposed, plaintiff and American Family again moved for summary judgment. The trial court granted summary judgment in favor of American Family, finding that "[p]laintiff was not an insured under the [mother's] policy, at the time of [his] injuries ... for purposes of the Underinsured Motorist Coverage."

■ The underinsured motorist coverage provision of the policy issued to mother provided the following coverage:

> [American Family] will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**. The **bodily injury** must be sustained by an **insured person** and must be caused by accident and arise out of the **use** of the **underinsured motor vehicle**.

That same policy provision defined an "insured person" as a "relative" of the insured. Elsewhere in the policy, a "relative" was defined as follows:

> **Relative** means a person living in [insured's] household, related to [insured] by blood, marriage or adoption. This includes a ward or foster child. *It excludes any person who,* or whose spouse, *owns a motor vehicle* other than an off-road motor vehicle.

(Emphasis added).

The sole issue on appeal, as reflected in plaintiff's singular point relied on, is whether plaintiff, who was a resident of his mother's household, was a "relative" within the terms of the insurance policy. This issue turns on whether he owned a "motor vehicle" at the time he was involved in the accident in February 1992.

The pertinent facts are that plaintiff purchased a van on November 1, 1991. He bought it in running condition and intended to use it for transportation to and from work. As he was driving the van home, it broke down. He towed it to his mother's house and parked it on a concrete slab in her backyard. After attempting to repair the van himself, he removed the transmission and took it to a mechanic in early January of 1992. The mechanic informed him that he apparently had driven the van while it was low on transmission fluid. After the mechanic rebuilt the transmission, plaintiff did not immediately install it. He placed it under his mother's carport and installed it sometime after the February 1992 accident. He then applied for a transfer of title to the van on March 20, 1992 and insured it with American Family. Title was issued in his name on April 7, 1992.

In determining whether plaintiff owned a motor vehicle within the terms of the insurance policy, the function of this court is to interpret and enforce the insurance policy as written, not to rewrite the contract. *Krombach v. Mayflower Ins. Co., Ltd.*, 785 S.W.2d 728, 731 (Mo.App.1990). In construing an insurance policy, the words must be given their plain meaning, consistent with the reasonable expectations, objectives, and intent of the parties. *Id.* The interpretation of the meaning of an insurance policy is a question of law. *Id.*

■ Plaintiff characterizes the policy provision defining "relative" as an exclusionary

clause and urges this court to adopt a strict construction in favor of coverage under the policy. We disagree that the definition of relative is exclusionary. Here, the issue is not the applicability of an exclusionary clause to bar plaintiff's coverage under the policy. Rather, the issue revolves around the initial extension of coverage to plaintiff as a "relative" of the insured. *See Farmers Ins. Co. of Washington v. Miller,* 87 Wash.2d 70, 549 P.2d 9, 12 (1976).

The purpose of the policy definition of "relative" as one who does not own a "motor vehicle" is to provide "drive-other-cars" liability coverage to a resident relative as long as that relative does not acquire his or her own vehicle. *State Farm Mut. Auto. Ins. Co. v. Rechek,* 125 Wis.2d 7, 370 N.W.2d 787, 789–790 (1985). If the relative acquires a vehicle, the relative should insure his or her own vehicle and obtain "drive-other-cars" coverage through his or her own policy. *Id.* Without this limitation in the definition of relative, a person could purchase one policy on only one automobile and cover relatives using other automobiles frequently driven or at least having the opportunity to be driven. *Id.* at 790. Because the principal purpose of an automobile insurance policy is to provide coverage for an automobile which is to be driven, it is axiomatic that the vehicle acquired by a relative must be capable of operating over public streets and not be some shell or body that cannot be so operated. *Nationwide Mut. Ins. Co. v. Schaver,* 268 Md. 102, 299 A.2d 788, 790 (1973).

Plaintiff contends that because his van was inoperable at the time of the accident, it was not a "motor vehicle" within the intent and purpose of the insurance policy. Other jurisdictions have adopted the rule that a vehicle can reach such a condition of disrepair that it can no longer be considered a motor vehicle for insurance policy purposes. *See, e.g., Santana v. Auto Owners Ins. Co.,* 91 Ohio App.3d 490, 632 N.E.2d 1308 (6 Dist.1993); *Rechek,* 370 N.W.2d at 787; *Miller,* 549 P.2d at 9; *Quick v. Michigan Millers Mut. Ins. Co.,* 112 Ill.App.2d 314, 250 N.E.2d 819 (1969). The following principles apply:

> In those cases where the circumstances—be they the combination of the degree of disrepair of the car, the intent of the owner, or otherwise—suggest that the nonoperating condition is a mere temporary one, the courts have been inclined to find that the vehicle was an "automobile" within the terms of the policy. In those cases, where such circumstances suggest either that the inoperable condition is probably permanent, or apt to be of long duration with little reasonable possibility of restoring the car to a condition where it can be driven on the roads, the courts have then tended to find that the vehicle is not an "automobile" within the terms of the policy.

*Quick,* 250 N.E.2d at 821. Under the analysis in *Quick,* it is a question of fact as to whether plaintiff's van, which was inoperable at the time of the accident, was a "motor vehicle" within the meaning of the automobile liability insurance policy. *See Rechek,* 370 N.W.2d at 790.

Plaintiff's own deposition testimony was that when he purchased the van in November 1991, he thought it was in working condition and intended to operate it. During the time that the van was parked in his mother's backyard, plaintiff was attempting to put it back into service. He had a mechanic rebuild the transmission and placed the rebuilt transmission under his mother's carport until he had an opportunity to install it. By February 1992, the only repair necessary to make the van operable was the installation of the transmission.

Because plaintiff made these admissions in his deposition testimony and no contradictory facts were before the trial court, no issues of material fact remained to bar the court's grant of summary judgment. The only issue to be resolved was whether, as a matter of law, the van was a "motor vehicle" within the terms of mother's automobile insurance policy.

Given the facts of this case, the trial court did not err in finding that plaintiff's van was a "motor vehicle" under the terms of mother's policy, such that he was precluded from recovering under the underinsured motorist provision of that policy. At the time of the accident, the van required only minor repairs which plaintiff could accomplish at minimal

cost and effort to him. *See, e.g., Miller,* 549 P.2d at 9 (automobile which could be driven after installing battery and doing other inexpensive repairs was an automobile within the meaning of the policy). Plaintiff admitted that at all times he possessed the van, his intention was to get it operational for use on public streets. This was not a situation where plaintiff permanently junked or abandoned the van or retired it from use as a vehicle. *Compare Santana,* 632 N.E.2d at 1308 (automobile which sat idle on blocks without an engine for 8 to 11 months was not "other-owned-car" within meaning of the policy); *Manns v. Indiana Lumbermen's Mut. Ins. Co. of Indianapolis, Ind.,* 482 S.W.2d 557 (Tenn.App.1971) (two automobiles which had not been operated for extended periods of time and which insured had not attempted to put back in service were not automobiles within the meaning of the policy). The trial court did not err in granting summary judgment in favor of American Family. Plaintiff's point on appeal is denied.

The judgment of the trial court is affirmed.

CRAHAN, P.J., and DOWD, J., concur.