STATE FARM FIRE & CASUALTY COMPANY, Appellant,

v.

Ronald BOHLEN d/b/a Bohlen Realty, Fannie Bohlen, Gwendolyn Smith, and Jasmine Smith, Respondents.

No. 73623.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 15, 1998.

Evans & Dixon, Kevin P. Schnrbusch, Adrian P. Sulser, St. Louis, for appellant.

Hopkins Goldenberg, P.C., Mark C. Goldenberg, Todd S. Hageman, St. Louis, John J. Frank Partnership, John J. Frank, St. Louis, Thornton Early & Naumes, Boston, MA, for respondents.

CRANDALL, Judge.

Plaintiff, State Farm Fire & Casualty Company (hereinafter State Farm), appeals from the judgment entered in favor of defendants, Ronald Bohlen d/b/a Bohlen Realty, Fannie Bohlen, Gwendolyn Smith, and Jasmine Smith, in a declaratory judgment action in which State Farm sought a determination of its obligations under business insurance policies. We reverse and remand.

At all times pertinent to this litigation, Ronald and Fannie Bohlen (hereinafter Bohlens) owned residential rental property located at 4128–A San Francisco in the City of St. Louis (hereinafter property). Bohlen Realty managed the property for the Bohlens who rented it to tenants. From 1989 to 1992, Jasmine Smith, a minor, lived with her mother, Gwendolyn Smith, at the property.

Jasmine Smith, by and through her guardian and next friend Gwendolyn Smith, brought the underlying action against Bohlen Realty and the Bohlens. She sought damages for injuries suffered as a result of lead paint poisoning. In Count I of her amended petition against the Bohlens, she alleged that the poisoning was the result of their "failure to use ordinary care to make the premises then owned and controlled" by them reasonably safe for occupancy. In Count II of her amended petition against Bohlen Realty, she alleged that there were unsafe levels of lead in the paint on the surfaces of the property "while the plaintiff occupied the premises managed and controlled at least in part by ... Bohlen Realty...."

State Farm insured Ronald Bohlen d/b/a Bohlen Realty under two business policies in effect during part of the time that Jasmine Smith and her mother lived at the property. The Declarations Page of each policy listed the address of 3635 Kienlen, Normandy, Missouri, the business office of Bohlen Realty, as "the location of covered premises." Both policies contained endorsements to the business liability coverage of the policy, which provided in pertinent part:

**REAL ESTATE OPERATIONS LIMITATION OF COVERAGE ENDORSEMENT**

**COVERAGE L – BUSINESS LIABILITY** applies only to **bodily injury, property damage, personal injury** or **advertising injury** arising out of:

1. the ownership, operation, maintenance or use of such part of any premises you use for general office purposes; and

2. your real estate operations at premises listed for sale or rental. if you do not:

   a. own, operate, manage or rent such premises;

   b. have care, custody or control over such premises in any manner other than showing it to prospective buyers or their qualified representatives, or conducting an open house; or

   c. act as agent for the collection of rents or in any supervisory capacity.

When Bohlen Realty and the Bohlens requested that State Farm indemnify and defend them in the underlying cause of action, State Farm brought a declaratory judgment action to determine its obligations under the business policies issued to Ronald Bohlen d/b/a Bohlen Realty. After a hearing, the trial court found the terms of the policies were inconsistent and therefore ambiguous. The court entered judgment in favor of defendants, finding that State Farm had a duty to defend and to indemnify Bohlen Realty and the Bohlens against the claims in the underlying action.

The sole issue on appeal is whether the trial court erred in determining that the policies provided coverage for the underlying action. State Farm contends the liability endorsement limited coverage to Bohlen Realty's business office on Kienlen and to premises listed for sale or rental in the course of its real estate business. State Farm further argues the endorsements expressly excepted from coverage risks that arose out of Bohlen's or Bohlen Realty's acts as either owner or landlord of properties listed for sale or rental.

Insurance policies are contracts, and the rules of contract construction apply. *Arbeitman v. Monumental Life Ins. Co.*, 878 S.W.2d 915, 916 (Mo.App. E.D.1994). Courts

should interpret policies in accordance with the ordinary meaning of the policy language, without undue straining of that language. *Luyties Pharmacal Co. v. Frederic Co., Inc.,* 716 S.W.2d 831, 835 (Mo.App.1986). Where language in an insurance contract is unequivocal, courts must give language its plain meaning notwithstanding the fact that it appears in a restrictive provision of policy. *Id.* Courts are not authorized to exercise inventive powers for the purpose of creating an ambiguity when none exists. *Id.* The interpretation of the meaning of an insurance policy is a question of law. *McKee v. American Family Mut. Ins. Co.,* 932 S.W.2d 801, 802 (Mo.App. E.D.1996).

Here, the clear language of the policies provided coverage for Ronald Bohlen and Bohlen Realty for those risks associated with the ownership, operation, maintenance, or use of the general business office and for properties listed for sale or rental as part of the real estate operation. Based upon the language of the endorsements, however, properties listed for sale or rental were covered only if Ronald Bohlen and Bohlen Realty did not "own, operate, manage, or rent" them or did not have "care, custody, or control" of them.

The allegations in the amended petition in the underlying action were that the lead poisoning occurred on rental property located on San Francisco. That property was not the general office of Bohlen Realty and was not listed as a "covered premises" in the policies. The allegations were that the Bohlens owned the property and that Bohlen Realty managed and controlled the property. These allegations placed the claims in the underlying action within the exceptions to liability coverage enumerated in the endorsements. It is clear from the language of the endorsements that liability coverage only applied to Ronald Bohlen and to Bohlen Realty when engaged as a listing agent for the sale or rental of the property, not when acting as a landlord or owner of that property. The language of the endorsements is not ambiguous and negates coverage.

The trial court erred as a matter of law in determining that State Farm was obligated under the insurance policies to defend or indemnify the Bohlens and Bohlen Realty for the injuries alleged to have occurred on the San Francisco property. The judgment of the trial court is reversed and the cause is remanded with directions to enter judgment in favor of State Farm.

PUDLOWSKI, P.J., and AHRENS, J., concur.