TRUCK INSURANCE EXCHANGE, Appellant,

v.

Leonard HEMAN and Frances Heman, Respondents.

No. WD 43053.

Missouri Court of Appeals, Western District.

Oct. 2, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1990.

Lance Lefevre, Kansas City, for appellant.

Michael Manners, Independence, for respondents.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

This is an appeal from the trial court's grant of summary judgment to respondents, Leonard and Frances Heman, on appellant's, Truck Insurance Exchange, petition for declaratory judgment. Reversed.

On December 3, 1983, Leonard and Frances Heman contracted with Terra–Dome by 21st Century Builders, Ltd. (Terra–Dome) for construction of a structure to be located on property owned by the Hemans in Independence, Missouri. The contract contained a warranty whereby Terra–Dome warranted the structure to be free from defects in workmanship or materials which would allow water to penetrate the exterior wall, roof, or surface for five years. Terra–Dome did erect a structure upon the property.

The Hemans filed suit against the statutory trustees of Terra–Dome, alleging that the structure erected was defective. Specifically, the Hemans alleged that Terra–Dome, employed poor concrete placement practices and defective waterproofing material resulting in considerable leakage in the structure.

Appellant, Truck Insurance Exchange, filed a declaratory judgment action asking the court to declare that its policy of insurance, No. 14 60003 68 90, issued to Terra–Dome, afforded no coverage for the claims of the Hemans against the statutory trustees of Terra–Dome. The statutory trustees of Terra–Dome were served but made no reply in this action.

In due course, appellant filed a motion for summary judgment contending that the damages sought by the Hemans were unambiguously excluded from coverage. The Hemans countered by filing their own motion for summary judgment. The Hemans' motion was sustained by the trial court on January 17, 1990, which found that the insurance policy in question did not unambiguously exclude coverage and that the Hemans were entitled to judgment as a matter of law. This appeal subsequently followed. Appellant presents one point on appeal, alleging that the trial court erred in overruling appellant's motion for summary judgment and sustaining respondent's motion for summary judgment in that the damages claimed by respondents were clearly and unambiguously excluded by appellant's insurance policy.

The burden is on the insured to show that he is within the terms of the

policy and prove, by substantial evidence, that the claim sued upon is within the coverage of the insurance contract. *Grossman Iron & Steel Co. v. Bituminous Cas. Corp.*, 558 S.W.2d 255, 259 (Mo.App.1977). Where an insurance company claims noncoverage and relies upon a policy exclusion it has the burden of proving that such an exclusion is applicable. *Harold S. Schwartz & Assoc., Inc. v. Continental Cas. Co.*, 705 S.W.2d 494, 498 (Mo.App. 1985).

 Truck Insurance Exchange relies on language in the policy which reads:

> This policy does not apply under:
>
> . . . .
>
> Coverage B–1 only
>
> . . . .
>
> **(20)** to property damage to the named insured's products arising out of such products or any part of such products; **(21)** to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.

In addition to the listed exclusions, Truck Insurance Exchange offered its insured the opportunity for a reduced premium in a section where the insured could check off which items it wished excluded from the policy. This section listed seven possible exceptions, two of which were checked, a provision excluding coverage for hired automobiles and a snowmobile liability exclusion. The box marked products liability exclusions was not checked. It reads:

> In consideration of the reduced premium for this policy it is agreed that the exclusion of coverage indicated by "X" below shall apply effective on the date shown above.

> **1. PRODUCTS LIABILITY EXCLU-
> SION—CERTAIN OL & T
> CLASSIFICATIONS**

> It is agreed that such insurance as is afforded by the Bodily Injury Liability Coverage and the Property Damage Liability Coverage for the operations described in this endorsement does not ap-

ply to bodily injury or property damage arising out of

> (1) the named insured's products, or
>
> (2) reliance upon a representation or warranty made with respect thereto;

if the bodily injury or property damage occurs after physical possession of such products has been relinquished to others whether such bodily injury or property damage occurs on premises owned by or rented to the named insured or elsewhere.

 There is no ambiguity, however, created by the failure of the insured to check this additional exclusion. The products exclusion simply did not become part of the policy. Nothing in the endorsement suggests a modification of the exclusions contained in the body of the policy. An exclusion provision in an insurance policy does not endow coverage; it functions as a limitation of indemnity. *Transport Indem. Co. v. Teter*, 575 S.W.2d 780, 784 (Mo.App. 1978). It follows, therefore, that there is no reason to find that coverage was created by the fact that an exclusion could have been added to the policy but was not.

A court may not use its powers to create an ambiguity where none exists even though the construing of such insurance contracts is weighted in favor of the insured. *Holland Corp., Inc. v. Maryland Cas. Co.*, 775 S.W.2d 531, 533 (Mo.App. 1989). The court may not construe insurance contracts to afford coverage where none exists and language contained within the contract must be given its plain and ordinary meaning. *Maryland Cas. Co. v. Huger*, 728 S.W.2d 574 (Mo.App.1987). The language in the insurance contract at issue in the instant case plainly and unambiguously excludes such claims as made by respondents.

The judgment of the trial court is reversed and remanded with directions to sustain the motion of Truck Insurance Exchange for summary judgment.

All concur.