938 F.Supp. 568 (1996)
INTERNATIONAL INSURANCE COMPANY, Plaintiff,
v.
METROPOLITAN ST. LOUIS SEWER DISTRICT, Defendant.
No. 4:95 cv 01463 SNL.
United States District Court, E.D. Missouri, Eastern Division.
September 30, 1996.
*569 Kurtis B. Reeg, Partner, Gallop and Johnson, St. Louis, MO, for International Insurance Company.
Martin J. Buckley, Sam P. Rynearson, Partner, Evans and Dixon, St. Louis, MO, for Metropolitan St. Louis Sewer District.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court on the Plaintiff's Motion for Summary Judgment (# 25). The Plaintiff seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-2202, of its rights and obligations under an insurance policy issued in favor of the Defendant.

Background
The Plaintiff is the successor-in-interest to International Surplus Lines Insurance Company ("ISLIC"). ISLIC issued a public officials and employee liability policy in favor of the Defendant for the policy period July 1, 1991 to July 1, 1992 ("the Policy"). The Policy contained an exclusion which states:
The company shall not be liable to make payment for Loss in connection with any claim made against the Insureds allegedly, based upon or arising out of any one or more of the following:
4. (a) claims, demands or actions seeking relief, or redress, in any form other then money damages;
(b) for fees or expenses relating to claims, demands or actions seeking relief or redress, in any form other than money damages.
The Defendant seeks coverage under the Policy for three suits filed against the Defendant by certain customers.[1] These actions *570 arise out of the Defendant's adoption of Ordinance No. 8657, which increased the Defendant's sewer service charges by approximately $4.00 per user per month beginning July 1, 1992.
The Missouri Supreme Court ultimately invalidated this ordinance, stating that its adoption violated Article X, § 22(a) of the Missouri Constitution because the Defendant failed to submit its new increase in sewer charges to its customers for voter approval.[2] The Defendant was also ordered to give the named plaintiffs a credit-refund for any amount overpaid while the invalid ordinance was in effect.[3]
The Plaintiff argues that it is not obligated to reimburse the Defendant for any expenses associated with these claims because they are not claims for "money damages," and therefore fall within paragraph 4 of the Policy's exclusions. Alternatively, the Plaintiff argues that these claims fall within paragraph 1 of the exclusions, which provides:
The company shall not be liable to make payment for Loss in connection with any claim made against the Insureds allegedly, based upon or arising out of any one or more of the following:
1. gaining any personal profit or advantage to which they were not legally entitled;
Finally, the Plaintiff argues that the Defendant's customers have not alleged either a "Wrongful Act" or a "Loss" as those terms are respectively defined by the Policy.
The Defendant contends that these are claims for "money damages." Alternatively, the Defendant argues that the term "money damages" as used in the Policy is ambiguous, and under Missouri law, ambiguities in insurance contracts are construed against the insurer. Finally, the Defendant claims that the Plaintiff waived all of its additional defenses to coverage by failing to raise them in its initial denial.

Discussion
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." City of Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of *571 setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of merits of this case.
Under Missouri law, the insurer bears the burden of proof on any question involving the application of a policy exclusion. Truck Insurance Exchange v. Heman, 800 S.W.2d. 2, 3-4 (Mo.App.1990). Any ambiguity in a policy is to be construed in favor of coverage and against the insurer. Peters v. Employers Mutual Casualty Co., 853 S.W.2d. 300, 302 (Mo. banc 1993). If, however, a policy is unambiguous, it will be enforced as written. Id. In determining whether or not the language in a policy is ambiguous, the court must view the language in light of the meaning that would ordinarily be understood by a lay person who bought and paid for the policy. Robin v. Blue Cross Hospital Service, Inc., 637 S.W.2d. 695, 698 (Mo. banc 1982).
When applying Missouri law, this Circuit has unequivocally held that the term "damages," as used in the insurance context, is unambiguous. Continental Insurance Companies v. Northeastern Pharmaceutical Co., 842 F.2d 977, 985 (8th Cir.1988) (en banc), cert. denied, 488 U.S. 821, 109 S.Ct. 66, 102 L.Ed.2d 43 (1988) ("NEPACCO"); Aetna Cas. and Sur. Co. v. General Dynamics Corp., 968 F.2d 707, 712 (8th Cir.1992) ("NEPACCO's holding is not limited in application to a particular insurance contract"). In NEPACCO, the court stated, "the plain meaning of the term `damages' as used in the insurance context refers to legal damages and does not include equitable monetary relief." NEPACCO, 842 F.2d at 985.
The Court fails to see any distinction between the term "money damages" as used in this Policy and the term "damages" as defined by NEPACCO. See e.g., NEPACCO, 842 F.2d at 986 ("[s]uch a limited construction of the term `damages' is also consistent with the distinction drawn in insurance law between money damages and injunctive relief"); Teamsters v. Terry, 494 U.S. 558, 570, 110 S.Ct. 1339, 1347, 108 L.Ed.2d 519 (1990) ("[g]enerally, an action for money damages was the traditional form of relief offered in the courts of law") (citations omitted).
Furthermore, the Defendant has not cited any Missouri cases which have undercut the rationale adopted in NEPACCO. Therefore, the Court concludes that if the customers' claims were for anything other than legal damages, they fall within paragraph 4 of the Policy's exclusions, and coverage must be denied.
In Beatty, supra, the plaintiffs sought an injunction to prevent the Defendant from implementing its increased service charges. Although the trial court denied their request, the Missouri Supreme Court ultimately found in their favor. The Missouri Supreme Court, however, limited the restitutionary relief to the named plaintiffs because a class was not properly certified.
The plaintiffs in Thaman, supra, and Ring, supra, subsequently filed class actions on behalf of the Defendant's other customers who were subject to Ordinance No. 8657. These plaintiffs now seek a refund of the money they paid under the invalid ordinance.[4]
None of these suits present claims for legal damages. See Tull v. United States, 481 U.S. 412, 424, 107 S.Ct. 1831, 1838-39, 95 L.Ed.2d 365 (1987) (an action for disgorgement of improper profits is traditionally considered an equitable remedy); *572 Mohamed v. Kerr, 91 F.3d 1124, 1126 (8th Cir.1996) ("restitution is not a matter of right, but a matter of equity"). As stated above, the Defendant's customers only paid the increased service charge because the trial court erroneously denied their injunction in Beatty, supra. Accordingly, their right to restitution arises out of an "erroneous or void judgment." Beatty, 914 S.W.2d at 796. Such a proceeding is one in equity. Grate v. Richards, 725 S.W.2d 45, 48 (Mo.App.1987) ("[t]he proceeding for restitution of money lost by an erroneous judgment is one in equity"); State ex rel. State Highway Comm'n v. Morganstein, 588 S.W.2d 472, 477 (Mo. banc 1979) ("[t]he proceeding, after the reversal of the judgment, to make restitution, whether by separate suit or motion in the case, is governed by broad equitable considerations") (quoting Hurst Automatic Switch & Signal Co. v. Trust Co. of St. Louis Co., 291 Mo. 54, 236 S.W. 58, 62 (1921)); Mohamed, 91 F.3d at 1126.
Therefore, the Court finds that these claims fall within paragraph 4 of the Policy's exclusions. Given this conclusion, the Court deems it unnecessary to rule on the Plaintiff's alternative grounds for summary judgment and the waiver argument advanced in response.
Accordingly,
IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment (# 25) is GRANTED.
NOTES
[1] Beatty v. Metropolitan St. Louis Sewer District, Cause No. 639099, filed in the Circuit Court of St. Louis County; Thaman v. Metropolitan St. Louis Sewer District, Cause No. 954-02761, filed in the Circuit Court of the City of St. Louis; and Ring v. Metropolitan St. Louis Sewer District, Cause No. 954-274, filed in the Circuit Court of the City of St. Louis.
[2] The Missouri Supreme Court reversed the decision of the Circuit Court of St. Louis County in Beatty, supra.
[3] The customers initially sought a declaration that the ordinance was invalid and an injunction to prevent the Defendant from charging the increased price. The trial court ruled that the ordinance was valid and denied the injunction. The Missouri Supreme Court eventually reversed that judgment, but the customers paid the increased price throughout the course of the litigation.

Accordingly, the Missouri Supreme Court found that as the successful appellant, the customers had "a right to restitution of money lost by reason of the erroneous or void judgment." Beatty v. St. Louis Sewer District, 914 S.W.2d 791, 796 (Mo. banc 1995).
The credit-refund, however, was limited to the named plaintiffs because a class was not properly certified. With the subsequent class action filings of Thaman, supra, and Ring, supra, the Defendant's liability may increase.
[4] The plaintiffs in Ring, supra, specifically request a mandatory injunction requiring the Defendant to make restitution to each member of the class.