**Affirmed in Part; Dismissed in Part; and Memorandum Opinion filed September 10, 2019.**



In the

# Fourteenth Court of Appeals

---

## NO. 14-18-00665-CV

---

### JADA ETIENNE, Appellant

### V.

### STATE FARM LLOYDS, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1109021**

---

## M E M O R A N D U M    O P I N I O N

This is an appeal from a case in which an insured sued to force her property insurer to participate in the appraisal process set forth in the policy. In fact, the parties already were participating in the appraisal process, and because the appraisers selected by each side could not agree on the value of the loss or on the choice of an umpire to decide which appraiser was correct, the insurer moved the trial court to appoint an umpire. On consecutive days, (a) the insured filed a notice of non-suit,

(b) the trial court appointed an umpire, and (c) the trial court dismissed the insured's claims. The insured then successfully moved to sanction the insured's trial counsel for signing and filing a pleading with no basis in fact. The insured appeals the trial court's order appointing an umpire and the sanctions order.

We conclude that the trial court acted within its jurisdiction and discretion in appointing an umpire; thus, we affirm the appointment order, which was merged into the final judgment. Because the insured lacks standing to appeal the order sanctioning her trial counsel and his law firm, and neither the attorney nor the firm have appealed the order, we dismiss that portion of the appeal for lack of jurisdiction.

## I. Background

Appellee State Farm Lloyds insures property owned by appellant Jada Etienne. After Etienne made a claim under the policy, she invoked the appraisal provision. The policy provides that if either party demands appraisal, each party will select an appraiser and the two appraisers will jointly determine the amount of the loss. If they are unable to agree, the two appraisers will select an umpire to resolve their differences. If they are unable to agree upon an umpire within 15 days, then the insurer or the insured "may make a written application for a judge of a court of record in the same state and county . . . where the residence premises is located to select an umpire."

State Farm Lloyds agreed to Etienne's invocation of the appraisal process, and both sides appointed appraisers. Etienne nevertheless sued State Farm weeks later in Harris County Civil Court at Law No. 2, where she alleged that State Farm refused to participate in the appraisal process and she stated her intent to ask the court to appoint an umpire. State Farm answered and filed its own motion for appointment of an umpire. Etienne did not respond to State Farm's motion but instead filed a similar application on the ancillary docket of the Harris County Civil District Courts.

2

Approximately twelve hours before the hearing on State Farm's motion, Etienne filed a notice of non-suit. Neither she nor her counsel appeared at the hearing, and the trial court appointed an umpire as State Farm had requested. The next day, the trial court signed an order dismissing Etienne's claims.

Etienne filed a motion to vacate the order appointing an umpire, arguing that the trial court lost jurisdiction the moment that Etienne filed her notice of non-suit. She also argued that the trial court abused its discretion in proceeding with the hearing and the appointment because State Farm failed to give ten days' notice before applying for appointment of an umpire, as the policy requires. State Farm responded and moved for sanctions against Etienne's counsel Eric Dick and the Dick Law Firm under Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code Chapter 10 for signing and filing a pleading with no basis in fact. The trial court denied Etienne's motion to vacate the umpire appointment and ordered Dick and the Dick Law Firm to pay attorney's fees of $4,000 to State Farm as sanctions. Etienne appeals both orders.

## II. THE LAW CONCERNING NON-SUITS

Because much of Etienne's arguments are premised on the idea that a notice of non-suit deprives a trial court of jurisdiction, we begin by clarifying this jurisdictional point.

A plaintiff may voluntarily dismiss or "non-suit" its case at any time before it has introduced all of its evidence other than rebuttal evidence. TEX. R. CIV. P. 162. A non-suit does not prejudice an adverse party's right to a hearing and a ruling upon its pending claims for affirmative relief. *Id*.

To assert a claim for affirmative relief, the defendant must do "more than resist plaintiff's right to recover." *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d

838, 841 (Tex. 1990) (orig. proceeding) (quoting *Gen'l Land Office v. Oxy U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990)). A defendant makes a claim for affirmative relief if it "allege[s] a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief, even if the plaintiff abandons or is unable to establish his cause of action. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam) (citing *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (orig. proceeding)). A trial court can defer signing an order dismissing the case for a reasonable time so it can rule on such pending matters. *See In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding).

Even after it signs a dismissal order, the trial court retains jurisdiction over the case until its plenary power expires. *See id.* "[T]he signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires." *Id*.

### III. CHALLENGE TO THE ORDER APPOINTING AN UMPIRE

Etienne's notice of non-suit had no effect on State Farm's pending motion for appointment of an umpire. Indeed, as Etienne implicitly acknowledged in the trial court, an application for appointment of an umpire need not be part of a lawsuit at all. For example, Local Rule 3.5.1(e) of the Civil Trial Division of the Harris County District Courts provides that the district courts' ancillary docket includes "[r]equests *before any suit has been filed* to appoint umpires or arbitrators." HARRIS CTY. (TEX.) CIV. DIST. CT. LOC. R. 3.5.1(e) (emphasis added).[1] After this suit was filed in the Harris County Civil Court at Law No. 2, however, either party could move for

---

[1] When Etienne attempted to take advantage of this provision by placing an application for appointment of an umpire on the Harris County Civil District Courts' ancillary docket, she already had a pending suit on the same subject in Harris County Civil Court at Law No. 2.

appointment of an umpire as part of that suit. State Farm did so, and Etienne filed no opposition.

On appeal, Etienne asserts that because she non-suited her own claims the night before the hearing on State Farm's motion, the trial court both lacked jurisdiction to proceed with the scheduled hearing and to rule on State Farm's pending motion, and that the trial court abused its discretion in doing so. But as discussed above, a trial court does not lose jurisdiction upon the plaintiff's filing of a notice of non-suit. The policy gave both Etienne and State Farm the contractual right to seek court appointment of an umpire, regardless of whether Etienne or State Farm ever pleaded a cause of action for damages or for declaratory or equitable relief. Because a request for appointment of an umpire is a "stand-alone" request, it was unaffected by Etienne's notice of non-suit.

Etienne argues in the alternative that the trial court abused its discretion in granting State Farm's motion because the insurance policy required State Farm to give her ten days' written notice before moving for appointment of an umpire, and she contends that State Farm failed to do so. But, Etienne neither responded to State Farm's motion for appointment of an umpire nor appeared at the hearing on the motion. Having failed to timely raise this complaint, it is waived. *See* TEX. R. APP. P. 33.1(a)(1). Moreover, and as State Farm points out, the trial court's local rules provide that "[f]ailure to file a response may be considered a representation of no opposition." HARRIS CTY. (TEX.) CO. CT. AT LAW LOC. R. 3.3.3. Given Etienne's failure to respond to State Farm's motion or to appear at the hearing, the trial court did not abuse its discretion in granting the motion.

We overrule Etienne's first issue, and we affirm the portion of the trial court's judgment appointing an umpire.

## IV. CHALLENGE TO THE SANCTIONS ORDER

In Etienne's second issue, she argues that the trial court abused its discretion in imposing monetary sanctions against her trial counsel Eric Dick and the Dick Law Firm for signing and filing a petition groundlessly asserting that State Farm had refused to participate in the appraisal process. Because Etienne lacks standing to appeal the sanctions order, we lack jurisdiction to review it.

Standing is implicit in the concept of subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Thus, an appellate court lacks jurisdiction to review a ruling appealed by a person without standing. *See id.* at 444. A person generally has standing to appeal a ruling only if the person is personally aggrieved by it. *Cf. Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). An appealing party may not complain of errors that do not injuriously affect that party or that merely affect the rights of others. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000).

Here, the trial court sanctioned Dick and the Dick Law Firm, not Etienne. Because the sanctions order did not injure Etienne and instead affected only the rights of others, she lacks standing to appeal it.

Further, neither Dick nor the Dick Law Firm have attempted to appeal the sanctions order. Neither filed a separate notice of appeal, and in Etienne's original and amended notice of appeal both identify Etienne as the sole appellant. Her brief in this appeal was filed by her appellate counsel Rogelio Garcia solely on behalf of Etienne, who is the only person identified as Garcia's client.

Because no one personally aggrieved by the sanctions order has appealed it, we lack jurisdiction to review the order. We accordingly dismiss Etienne's second issue without addressing the merits.

## V. Conclusion

When the respective appraisers for the insured and the insurer are unable to agree on an umpire to resolve the deadlock, the policy may permit either party to apply to a court for appointment of an umpire, as was done here. The parties do not have to bring claims against one another to take advantage of such a policy provision but can apply for appointment of an umpire even if neither party asks the court for any other relief. Here, State Farm applied for appointment of an umpire as part of the suit in which the trial court already had acquired jurisdiction over both of the parties, and Etienne failed to timely oppose the motion. We therefore conclude that the trial court had both the jurisdiction and the discretion to appoint an umpire before dismissing Etienne's claims, and we affirm the portion of the judgment appointing an umpire.

Because Etienne lacks standing to appeal the order sanctioning her trial counsel and his firm, and because neither the attorney nor the firm have appealed the order, we dismiss the remainder of the appeal for want of jurisdiction.


/s/     Tracy Christopher
Justice


Panel consists of Justices Christopher, Spain, and Poissant.